UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CASEMENT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLIANT HEALTH, INC.,<br><br>Defendant. | No. 1:19-cv-01262-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>(Doc. No. 24) |

This matter is before the court on defendant Soliant Health, Inc.'s ("Soliant") motion to compel arbitration. (Doc. No. 24.) A hearing on the motion was held on January 22, 2020. Attorneys Ashkan Shakouri and Nazo Koulloukian appeared telephonically on behalf of plaintiff James Casement, and attorney Elizabeth Murphy appeared telephonically on behalf of Soliant. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will grant defendant's motion to compel arbitration.

**BACKGROUND**

Plaintiff is a licensed nurse and a resident of California. (Doc. No. 27 at 3.) Soliant is an employment staffing agency, incorporated in Georgia with its principal place of business in Florida. (*Id.* at 4.) Soliant assigns healthcare professionals to work assignments throughout California. (*Id.*) At all relevant times, plaintiff was employed by Soliant. (*Id.* at 4–5.)

1

In this class action, plaintiff alleges that Soliant failed to: (1) provide reporting time pay; (2) pay employees for all hours worked; (3) pay overtime; (4) pay minimum wage; (5) authorize or permit meal breaks; (6) authorize or permit rest breaks; and (7) furnish accurate wage statements. (*Id.* at 15–22.) Plaintiff also asserts causes of action for waiting time penalties, breach of contract, negligent misrepresentation, and unfair business practices, as well as a cause of action under California's Private Attorney General Act. (*Id.* at 22–27.)

On December 10, 2019, Soliant moved to compel arbitration on an individual basis, relying on an arbitration provision ("the arbitration provision") which appears in Section 14 of the Professional Employment Agreement ("the employment agreement") that plaintiff entered into with Soliant. (Doc. No. 24 at 9.) That arbitration provision provides, in full, as follows:

> **Arbitration**
>
> 14.   Any dispute or difference between Soliant and Consultant arising out of or relating to this Agreement shall be settled by arbitration in accordance with the rules of the American Arbitration Association by a single arbitrator. [] Soliant and Consultant shall agree on an arbitrator. If Soliant and [] Consultant fail to agree on an arbitrator within thirty (30) days after notice of commencement of arbitration, the American Arbitration Association shall, upon the request of either party, appoint the arbitrator to constitute the panel. Arbitration proceedings hereunder may be initiated by either Soliant or Consultant by making a written request to the American Arbitration Association, together with any appropriate filing fee, at the office of the American Arbitration Association in Jacksonville, Florida. All arbitration proceedings shall be held in Jacksonville, Florida. Any order or determination of the arbitral tribunal shall be final and binding upon the parties to the arbitration and may be entered in any court having jurisdiction.

(Doc. No. 24-4 at 3.)

On January 7, 2020, plaintiff filed his opposition to the pending motion to compel arbitration, and on January 15, 2020, Soliant filed its reply. (Doc. Nos. 28, 30.)

## LEGAL STANDARDS

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them. 9 U.S.C. § 4. In deciding a motion to

compel arbitration, the court "is limited to determining (1) whether a valid agreement to arbitrate exists [within the contract] and, if it does, (2) whether the agreement encompasses the dispute at issue." *Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1017 (9th Cir. 2016) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (brackets in original)).

There is an "emphatic federal policy in favor of arbitral dispute resolution." *Balen v. Holland America Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985)). As such, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Mitsubishi Motors Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 at 24–25 (1983)); *see also Balen*, 583 F.3d at 652. An arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)); *see also Newirth by and through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 940 (9th Cir. 2019). Accordingly, courts may not apply traditional contractual defenses, like duress and unconscionability, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration agreements are enforced according to their terms." *Concepcion*, 563 U.S. . at 344 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989)).

**DISCUSSION**

Here, Soliant contends that the court must compel arbitration because plaintiff signed the employment agreement which contains an enforceable provision requiring plaintiff to individually arbitrate the claims he is asserting against Soliant in this action. (Doc. No. 24 at 7.) Plaintiff does not dispute that he signed the employment agreement, that it contains the arbitration provision, or that the provision covers his claims and requires him to arbitrate those claims individually. Plaintiff's sole argument in opposition to the pending motion is that the

3

employment agreement is unenforceable because it is both procedurally and substantively unconscionable. (Doc. No. 28 at 5–15.)

"[T]he party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)). To establish unconscionability under California law,[1] the party opposing arbitration must demonstrate that the entire arbitration provision, or a specific clause in it, is both procedurally and substantively unconscionable. *Poublon,* 846 F.3d at 1260 (citing *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 910 (2015)). "The prevailing view is that procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability . . . [b]ut they need not be present in the same degree." *Sanchez*, 61 Cal. 4th at 910. Courts generally view procedural and substantive unconscionability on a sliding scale, whereby "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000); *see also Poublon*, 846 F.3d at 1260. Overall,

---

[1] "When an agreement contains a choice of law provision, California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws . . . dictates a different result." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010) (internal quotation marks and citation omitted). Here, the employment agreement contains a choice of law provision. (*See* Doc. No. 24-4 at 4) ("[Section] 20. This Agreement is made under and shall be governed by the laws of the State of Florida."). However, at the hearing on the pending motion, the court inquired of Soliant's counsel whether this choice of law provision is separate and distinct from Section 14 of the employment agreement (the arbitration provision), and counsel responded "[t]hat is correct," and noted that "the choice of law provision . . . [is] not a choice of law provision as to arbitration" and that "[i]t governs the [employment] agreement itself." Counsel for Soliant also noted that "if the Court is not comfortable for any reason with that [explanation]," the choice of law provision "can and should be severed" from the employment agreement. The court construes Soliant's position in this regard as a concession that the choice of law provision in plaintiff's employment agreement is unconscionable. *See Wood v. Team Enterprises, LLC*, No. 3:18-cv-06867-WHA, 2019 WL 1516758, at *2 (N.D. Cal. Apr. 7, 2019) ("[D]efendants essentially concede that the choice-of-law provision is unconscionable by . . . arguing that the choice of law provision should be severed."). Moreover, in their briefing, the parties apply California law and neither party cites to nor has asked the court to apply Florida law. The court is therefore satisfied that it can and should apply California law to determine whether the arbitration provision is unenforceable.

"unconscionability requires a substantial degree of unfairness beyond a simple old-fashioned bad bargain," such as when a contract is "so one-sided as to 'shock the conscience.'" *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (quoting *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245 (2016)).  Finally, "when parties commit to arbitrate contractual disputes, it is a mainstay of the [FAA's] substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved by the arbitrator in the first instance, not by a federal or state court." *Nitro-Lift Tech., L.L.C. v. Howard*, 568 U.S 17, 20–21 (2012) (quotation marks and citation omitted); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 448–49 (2006) ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator").  Accordingly, "an arbitration provision is severable from the remainder of the contract . . . and its validity is subject to initial court determination; but the validity of the remainder of the contract (if the arbitration provision is valid) is for the arbitrator to decide."[2] *Nitro-Lift Tech., L.L.C.*, 568 U.S at 21 (quotation marks and citation omitted).

---

[2] Soliant invites the court to circumvent plaintiff's unconscionability defenses, contending that "because the FAA preempts state law, the Court need not decide whether the arbitration agreement here complies with the California Supreme Court's decision in *Armendariz*." (Doc. No. 24 at 7.)  The court declines the invitation.  In *Armendariz*, the California Supreme Court "consider[ed] a number of issues related to the validity of a mandatory employment arbitration agreement," including whether claims arising under a California statute can be arbitrable and the standards for determining whether an arbitration provision is unconscionable. *See generally* 24 Cal. 4th at 90.  Here, Soliant does not identify which part of the *Armendariz* opinion it asserts that this court need not consider under the FAA, much less why.  To the extent that Soliant's position is that the FAA preempts *all* state law, that position is incorrect as a matter of law.  As discussed above, the Supreme Court in *Concepcion* held that an arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  563 U.S. at 339 (quoting *Casarotto*, 517 U.S. at 687); *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) ("[The FAA] preserves generally applicable contract defenses[.]") (internal quotation marks omitted).  Soliant does not contend that the unconscionability defenses plaintiff asserts in this action are not generally applicable contract defenses and, of course, they are.  Indeed, since the Supreme Court's decision in *Concepcion*, federal and state courts in California, including this one, have continued to apply the California Supreme Court's decision in *Armendariz* when determining whether an arbitration agreement is enforceable. *See, e.g.*, *Martinez v. Vision Precision Holdings, LLC*, No. 1:19-cv-01002-DAD-JLT, 2019 WL 7290492, at *3 (E.D. Cal. Dec. 30, 2019); *McGill v. Citibank*, N.A., 2 Cal. 5th 945, 962–63 (2017).

5

**A.      Whether the Arbitration Provision is Procedurally Unconscionable**

"The procedural element of unconscionability focuses on 'oppression or surprise due to unequal bargaining power.'" *Poublon*, 846 F.3d at 1260 (quoting *Pinnacle Museum Tower Ass'n*, 55 Cal. 4th at 246)); *see also Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) ("Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement."). "Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in no real negotiation," while "[s]urprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Chavarria*, 733 F.3d at 922 (internal quotation marks and citation omitted); *see also Mohamed v. Uber Technologies*, 848 F.3d 1201, 1210 (9th Cir. 2016).

Here, plaintiff argues that the arbitration provision of his employment agreement is procedurally unconscionable because: (1) it is part of a contract of adhesion; (2) Soliant employed oppressive methods to obtain his assent to it; and (3) Soliant failed to provide him with a copy of the American Arbitration Association's rules ("the AAA rules"). (Doc. No. 28 at 16–18.)

        1.      Contract of Adhesion

The term "contract of adhesion" "signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, 24 Cal. 4th at 113 (citation omitted). Courts have recognized that such contracts are "procedurally unconscionable under California law[.]" *Chavarria*, 733 F.3d at 923 (citing *Ting v. AT&T,* 319 F.3d 1126, 1148 (9th Cir. 2003)); *see also Sanchez*, 61 Cal. 4th at 915 ("[T]he adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability.").

Here, the court concludes that the arbitration provision is at least somewhat adhesive because defendant drafted the boilerplate employment agreement that it is a part of and plaintiff could only adhere to the employment agreement or reject it. (Doc. No. 28 at 16; *see also* Doc. No. 28-1 at 2–3); *Armendariz*, 24 Cal. 4th at 115 (finding that an arbitration agreement was

adhesive because it "was imposed on employees as a condition of employment and there was no opportunity to negotiate"); *Chavarria*, 733 F.3d at 922–23 (holding that arbitration agreements are procedurally unconscionable when imposed on employees on a take-it-or-leave-it basis). However, "the adhesive nature of a contract, without more, . . . give[s] rise to a low degree of procedural unconscionability at most." *Poublon*, 846 F.3d at 1261–62; *see also Gutierrez v. FriendFinder Networks Inc.*, No. 18-cv-05918-BLF, 2019 WL 1974900, at *10 (N.D. Cal. May 3, 2019) (collecting cases). The court therefore finds that this employment agreement's adhesive nature demonstrates only a minor degree of procedural unconscionability.

### 2. Oppressive Methods

Under California law, oppression "can be established by the totality of the circumstances surrounding the negotiation and formation of the contract." *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348 (2015), *as modified on denial of reh'g* (Feb. 9, 2015); *see also Poublon*, 846 F.3d at 1260. "The circumstances relevant to establishing oppression include . . . the amount of time the party is given to consider the proposed contract . . . [and] the amount and type of pressure exerted on the party to sign the proposed contract[.]" *Grand Prospect Partners, L.P.*, 232 Cal. App. 4th at 1348.

In his declaration, plaintiff avers that Soliant's recruiter "emailed [him] 14 separate documents, including the Professional Employment Agreement" and told him that he had to sign the employment agreement on the same day that he received it in order to not lose out on his promised work assignment. (Doc. No. 28-1 at 2.) Plaintiff declares that he "fe[lt] pressure to obtain other work since [his] other assignment was going to end soon." (*Id.* at 2–3.) In his own declaration, however, Soliant's recruiter denies plaintiff's averments. (Doc. No. 30-1 at 2–4.) The recruiter declares that, when he first began speaking to plaintiff about working at Soliant in 2016, he provided "Mr. Casement with [his] work telephone number, cell phone number, and email address" in order to "have an open dialogue about available opportunities going forward," and that he and plaintiff "spoke about numerous positions at different healthcare facilities . . . nearly every other day." (*Id.* at 3.) The recruiter states that, based on his "prior relationship" with plaintiff, plaintiff "could have asked for additional time to consider the terms of the

assignment" he accepted in 2017 (and which give rise to plaintiff's claims in this action), but that plaintiff "never asked [him] any questions about the Employment Agreement, its terms, including the Arbitration Agreement, or any of the other onboarding paperwork." (*Id.* at 4.) The recruiter declares that he "never pressured Mr. Casement to sign the Employment Agreement" and that plaintiff "never indicated to [him] in any way that [plaintiff] did not understand any portion of the Employment Agreement, including the Arbitration Agreement." (*Id.*)

The court concludes that plaintiff has not carried his burden of establishing that the circumstances surrounding his assent to the arbitration provision were oppressive. *Ulbrich v. Overstock.Com, Inc.*, 887 F. Supp. 2d 924, 932 (N.D. Cal. 2012) ("Ulbrich declares that he felt 'compelled' to sign the agreement, but offers no facts to support that bald assertion, nor does the totality of the facts here lend it any credibility.").

    3.    <u>Surprise</u>

Under California law, "[s]urprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Chavarria*, 733 F.3d at 922 (internal quotation marks and citation omitted). Plaintiff argues that the arbitration provision here is procedurally unconscionable due to surprise because defendant failed to provide him with a copy of the American Arbitration Association Rules for the Resolution of Employment Disputes ("AAA Rules") referenced in the arbitration provision of the agreement.

Some courts have held that failure to provide the AAA Rules referenced in an arbitration provision is procedurally unconscionable. *See, e.g.*, *Grabowski v. Robinson*, 817 F. Supp. 2d 1159, 1172 (S.D. Cal. 2011) (failure to provide plaintiff with the arbitration procedures referenced in the arbitration agreement "adds an element of surprise, and therefore procedural unconscionability"); *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1406–07 (2003) (finding procedural unconscionability because defendant failed to attach a copy of the relevant arbitration rules to the agreement); *see also CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1113 (C.D. Cal. 2015) (collecting cases without deciding the issue). But many other courts have held otherwise. *See, e.g.*, *Serafin v. Balco Props. Ltd., LLC*, 235 Cal. App. 4th 165, 172-73 (2015) ("Cases that have found the failure to attach the applicable AAA rules alone

did not render the agreement procedurally unconscionable."); *Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 4th 676, 691–92 (2014) ('[T]he failure to attach a copy of the AAA rules did not render the agreement procedurally unconscionable. There could be no surprise, as the arbitration rules referenced in the agreement were easily accessible to the parties—the AAA rules are available on the Internet."); *Stover-Davis v. Aetna Life Ins. Co.*, No. 1:15-cv-1938-BAM, 2016 WL 2756848, at *7 (E.D. Cal. May 12, 2016) (collecting cases).

More importantly, plaintiff's unconscionability defense in this case does not in any way rely on the substantive terms of the AAA Rules. The California Supreme Court's decision in *Baltazar* and the Ninth Circuit's ruling in *Poublon* are instructive on this point. In *Baltazar*, an employee challenged an arbitration agreement based on her employer's failure to provide her with a copy of the relevant arbitration rules. 62 Cal. 4th at 1246. The California Supreme Court rejected the employee's argument because "her challenge to the enforcement of the agreement has nothing to do with the AAA rules; her challenge concerns only matters that were clearly delineated in the agreement she signed." *Id.* The court noted that her argument might have had "force if her conscionability challenge concerned some element of the AAA rules of which she had been unaware when she signed the arbitration agreement." *Id.*

The Ninth Circuit in *Poublon* concurred with the California Supreme Court's conclusion in a similar case, adding, "[w]hile courts will more closely scrutinize the substantive unconscionability of terms that were artfully hidden by the simple expedient of incorporating them by reference rather than including them in or attaching them to the arbitration agreement, incorporation by reference, without more, does not affect the finding of procedural unconscionability." 846 F.3d at 1262 (internal quotation marks and citation omitted). Following the reasoning of the decisions in *Baltazar* and *Poublon*, this court concludes that defendant's failure to provide plaintiff with a copy of the AAA Rules is not an instance of surprise.

Next, plaintiff argues that two provisions of the employment agreement are materially inconsistent with the AAA rules and that some "[c]ourts have held that the failure to provide arbitration rules plus inconsistency between those rules and the arbitration agreement further enhances unconscionability." (Doc. No. 28 at 18–19.) First, plaintiff misinterprets the two cases

9

he cites to in support of this argument. Contrary to plaintiff's assertion, in *Harper v. Ultimo*, 113 Cal. App. 4th 1402 (2003), the state appellate court did not "refuse[] to enforce the [arbitration] provision because a consumer would be unfairly surprised by the discrepancy between the arbitration agreement and the unattached [Better Business Bureau] arbitration rules." (Doc. No. 28 at 18.) Rather, the court in *Harper* noted that because "[t]he inability to receive full relief is artfully hidden by merely referencing the Better Business Bureau arbitration rules, [] not attaching those rules to the contract for the customer to review" was oppressive. 113 Cal. App. 4th at 1406. *Harper* is not applicable here, since plaintiff does not contend that AAA rules limit his ability to receive full relief.

Plaintiff's reliance on *Fitz v. NCR Corporation*, 118 Cal. App. 4th 702 (2004), is similarly misplaced. In *Fitz*, the court found procedurally unconscionable the employer-defendant's practice of incorporating by reference arbitration rules limiting the rights afforded to the employee-plaintiff under the AAA rules. Cal. App. 4th at 721. Specifically, the court noted: "NCR deliberately replaced the AAA's discovery provision with a more restrictive one, and in so doing failed to ensure that employees are entitled to discovery sufficient to adequately arbitrate their claims." *Id.* Plaintiff argues that here Soliant has included two restrictive provisions in his employment agreement that are materially inconsistent with the AAA rules. In so arguing, however, he misinterprets both provisions. Relying on Section 16 of his employment agreement, plaintiff first contends that "the Agreement only allows Defendant to recover its attorneys' fees and costs in a dispute," contravening AAA rules that call for the arbitrator to grant any remedy, including attorneys' fees, that would have been available to the parties had the matter been brought before a court. (Doc. No. 28 at 18; *see also id.* at 11 ("Here, *only* Defendant can recover its attorney fees and costs if it prevails.").) But Section 16 of the plaintiff's employment agreement does not bar his recovery of attorneys' fees and costs. Rather, that provision states:

/////

/////

/////

/////

10

> If Soliant prevails in any action to enforce any provision(s) in this Agreement in an arbitration proceeding pursuant to Section 13[3] above or in a court of competent jurisdiction and secures any relief, Consultant shall pay to Soliant all costs and expenses Soliant incurs in enforcing this Agreement, including Soliant's court costs and attorney's fees.

(Doc. No. 24-4 at 3.)  In other words, Section 16 is an agreement between the parties that if *Soliant* prevails in enforcing any part of the employment agreement, whether in arbitration or in court, plaintiff agrees to pay the attorneys' fees and costs that Soliant incurs in that enforcement action.  Section 16 of the parties' agreement does not even mention plaintiff's right to recover fees and costs, let alone limit the extent of his recovery in that regard.

Relying on Section 15 of his employment agreement, plaintiff next contends that "the Agreement does not allow [him] to challenge Defendant's claim for injunctive relief," in contravention of AAA rules that call for "all parties to be heard." (Doc. No. 28 at 18; *see also id.* at 15 ("Not only does this provision tilt in favor of Defendant, it *prohibits* Plaintiff from even challenging its request for injunctive relief in arbitration.").)  Section 15 of the parties' agreement, however, does not prohibit plaintiff from challenging a claim for injunctive relief were Soliant to assert one.  Instead, that provision states only that, "in addition to any other remedy which may be available to Soliant, if Consultant breaches a restrictive covenant in this Agreement, the parties acknowledge that injunctive relief in favor of Soliant is proper."  (Doc. No. 24-4 at 3.)  The AAA rule that plaintiff relies upon in advancing this argument provides that an emergency arbitrator shall, as soon as possible, establish a schedule for consideration of the application for emergency relief and that schedule shall provide a reasonable opportunity for all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.  (Doc. No. 24-2 at 53.)  First, it is far from clear that any request for injunctive relief Soliant might assert under Section 15 of the parties' employment agreement is a request for

---

[3] Plaintiff argues that "Section 16's reference to Section 13—the Non-Solicitation Covenants clause—is likely a typographical error meant to reference section 14, the Arbitration clause." (Doc. No. 28 at 13 n.3.)  Soliant disagrees with plaintiff's assertion that Section 16's reference to Section 13 is a typographical error.  (Doc. No. 30 at 14 n.3.)  The court need not resolve this dispute as its outcome does not affect the analysis undertaken in this order.

11

emergency relief falling within the AAA rule.  Moreover, nothing in Section 15 of the parties' employment agreement prevents plaintiff from arguing to the arbitrator that he did not violate a restrictive covenant or that a restrictive covenant is unlawful and thus in this way plaintiff may still be "heard."  (*See* Doc. No. 24-4 at 3) ("[*I*]*f Consultant breaches a restrictive covenant in this Agreement*, the parties acknowledge that injunctive relief in favor of Soliant is proper.") (emphasis added).  Thus, the court concludes that Section 15 of the parties' employment contract does not *prohibit* plaintiff from being heard before an arbitrator with regard to any claim for injunctive relief that Soliant might assert.

The court concludes that sections 15 and 16 of the employment agreement are not materially inconsistent with the AAA Rules.

    4.  <u>Conclusion</u>

On balance, the undersigned concludes that plaintiff has demonstrated only that the arbitration provision of his employment agreement has a slight degree of procedural unconscionability due to its adhesive nature.  Because "the procedural unconscionability of the agreement [is] minimal[,] the agreement [] must reflect a high degree of substantive unconscionability for the agreement to be unenforceable." *Anderson v. Safe Streets USA LLC*, No. 2:18-cv-00323-KJM, 2018 WL 4106135, at *9 (E.D. Cal. Aug. 29, 2018) (citing *Poublon*, 846 F.3d 1251 at 1263); *see also Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 982 (2010); *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 427 (N.D. Cal. 2018).

**B.**  **Whether the Arbitration Provision is Substantively Unconscionable**

"The substantive element of unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 247 (2016) (citations and internal quotation marks omitted); *see also Pokorny v. Quitar, Inc*., 601 F.3d 987, 997 (9th Cir. 2010).  California courts have applied various tests to determine whether an agreement is substantively unconscionable.  These include inquiring whether the terms are "overly harsh," "unduly oppressive," or "so one-sided as to shock the conscience."  *See Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (2013) (collecting cases).  The California Supreme Court recently clarified, however, that "these

formulations, used throughout our case law, all mean the same thing:" an agreement is substantively unconscionable where its enforcement would work "a substantial degree of unfairness beyond a simple old-fashioned bad bargain." *Sanchez*, 61 Cal. 4th at 911; *see also Serpa*, 215 Cal. App. 4th at 703 (noting that substantive unconscionability may exist where "contractual provisions reallocate risks in an objectively unreasonable or unexpected manner"); *Mohamed*, 848 F.3d at 1210.  Thus, "[m]utuality is the 'paramount' consideration when assessing substantive unconscionability." *Pokorny*, 601 F.3d at 997 (quoting *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004)).  In the employment context, substantive unconscionability can be found "when the arbitration agreement is one-sided in favor of the employer without sufficient justification, for example, when the employee's claims against the employer, but not the employer's claims against the employee, are subject to arbitration." *Serafin v. Balco Props. Ltd.*, 235 Cal. App. 4th 165, 177–78 (2015) (citations and internal quotation marks omitted); *see also Poublon*, 846 F.3d at 1261.

Plaintiff argues that five provisions appearing in his employment agreement with defendant are substantively unconscionable.  However, plaintiff's challenges to three of those provisions—(1) the non-solicitation covenants from Section 13; (2) the attorneys' fees provision from Section 16 discussed above; and (3) the severance provision from Section 17—are attacks on the validity of the employment agreement as a whole, as opposed to attacks on the validity of the arbitration provision itself.  Indeed, in raising these arguments in his opposition to the pending motion to compel arbitration, plaintiff concedes that "[t]he Agreement"—as opposed to the *arbitration provision* contained in it—"contains *three* . . . unilateral clauses all favoring defendant." (Doc. No. 28 at 6.)  The court makes no determination as to whether these three provisions do in fact favor defendant because, as discussed above, "attacks on the validity of the contract are to be resolved by the arbitrator in the first instance, not by a federal or state court." *Nitro-Lift Tech.*, 568 U.S at 20–21 (internal quotation marks and citation omitted).

Plaintiff's remaining attacks appropriately focus on the validity of the arbitration provision of the agreement, specifically:  (1) the forum selection clause and (2) the choice of law provision appearing in Section 20, both of which are "subject to initial court determination." *Id.*

at 21. Plaintiff contends that these provisions "require[] [him]—a California resident who worked for Defendant in California—to litigate his California claim[s] with Defendant in Florida under Florida law." (Doc. No. 28 at 10.) Accordingly, plaintiff argues that these provisions violate California Labor Code § 925, which provides that:

> (a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . .:
>
> (1) Require the employee to adjudicate outside of California a claim arising in California.
>
> (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.
>
> (b) Any provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

The court concludes that the arbitration provision's forum selection clause is substantively unconscionable because it requires plaintiff, a resident of California, to adjudicate his claims in Jacksonville, Florida, thousands of miles away from California where those claims arose. *See, e.g.*, *Capili v. Finish Line, Inc.*, 116 F. Supp. 3d 1000, 1007 (N.D. Cal. 2015) ("Forcing a retail shoe store employee to initiate an arbitration and/or challenge an arbitration agreement thousands of miles away from her place of work erects a substantial barrier to the vindication of the statutory [] claims at issue in this case."), *aff'd,* 699 F. App'x 620 (9th Cir. 2017); *see also Magno v. The College Network, Inc.*, 1 Cal. App. 5th 277, 288–89 (2016) ("Arbitration in Indiana would not have been in [the California] Plaintiffs' reasonable expectations, and the forum selection provision renders the agreement to arbitrate substantively unconscionable.").

With respect to Section 20's choice of law provision, at the hearing on the pending motion, Soliant's counsel argued that the reference to Florida law was in a different section of plaintiff's employment agreement than the arbitration provision and that it was therefore Soliant's position that the choice of law provision did not apply to arbitration but rather only applied to the employment agreement itself. Soliant's position in this regard is confusing; the arbitration provision is a part of the employment agreement, which means that if the choice of law provision

14

governs the employment agreement, then it necessarily governs the arbitration provision. However, Soliant, both in its moving papers and at the January 22, 2020 hearing, asserted that the choice of law provision can be severed from the employment agreement. (*See, e.g.*, Doc. No. 24 at 20.) As discussed in footnote 1 above, the court construes Soliant's position as a concession that the choice of law provision of plaintiff's employment agreement is unconscionable. *See Wood*, 2019 WL 1516758, at *2 ("[D]efendants essentially concede that the choice-of-law provision is unconscionable by . . . arguing that the choice of law provision should be severed.").

Accordingly, the court concludes that both the arbitration provision's forum selection clause and Section 20's choice of law provision appearing within plaintiff's employment agreement are substantively unconscionable.

**C.     Severability**

Soliant contends that the court should sever the substantively unconscionable choice of law and forum selection clauses from the agreement and compel plaintiff to arbitrate his claims. Plaintiff contends that the arbitration agreement is so permeated with unconscionability that it is unenforceable in its entirety. (Doc. No. 28 at 19–20.)

There is a "strong legislative and judicial preference [for severing] offending term[s] and enforce[ing] the balance of the agreement." *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 986 (2010); *see also* Cal. Civ. Code §§ 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may . . . enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.") and 1599 ("Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest."); *McLaurin v. Russel Sigler, Inc*., 155 F. Supp. 3d 1042, 1047 (C.D. Cal. 2016). California courts, in particular, "take a very liberal view of severability, enforcing valid parts of an apparently indivisible contract where the interests of justice or the policy of the law would be furthered." *Koenig v. Warner Unified Sch. Dist.*, 41 Cal. App. 5th 43, 56 (2019) (citation omitted). However, "[w]hen an arbitration agreement contains multiple unconscionable provisions, [s]uch multiple

defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 90 (2014) (internal quotation marks and citation omitted).

Plaintiff argues that, "[w]ith a total of five substantively unconscionable provisions, enforcing the Agreement would require plenty of ink." (Doc. No. 28 at 19.) In support of this argument, plaintiff points the court to opinions of courts that have found arbitration provisions to be so permeated with unconscionability that severance was not appropriate. (*Id*. at 19–20.)[4] The present case, however, is readily distinguishable. First, the court has found minimal procedural unconscionability and only two substantively unconscionable clauses in the arbitration provision of plaintiff's employment agreement, both of which can be severed pursuant to California Labor Code § 925 and California Civil Code §§ 1670.5(a) and 1599. Second, in most cases rejecting severance, the court, in addition to finding that the arbitration provisions at issue contained an unconscionable choice of law clause and/or forum selection clause, also found several other unconscionable clauses *in the arbitration provisions*. *See, e.g.*, *Bridge Fund Capital Corp*., 622 F.3d at 1006 (finding that the district court did not abuse its discretion in finding that an arbitration provision was permeated with unconscionability where it contained: a forum selection clause; class action and injunctive relief waivers; a one-year statute of limitations for all claims; and a limitation on punitive and consequential damages); *Wood*, 2019 WL 1516758, at *2 (finding that an arbitration clause "was permeated with unconscionability" where it (1) contained an attorneys' fees provision that advantaged the employer; (2) applied a one-year statute of limitations period for claims asserted in arbitration; and (3) contained a choice-of-law provision); *Capili*, 116 F. Supp. 3d at 1008–09 ("Finish Line has cited no case where a court has enforced an arbitration agreement after severing unconscionable forum selection, cost sharing, and mutuality

/////

---

[4] Thus, the Ninth Circuit has concluded that severance is inappropriate and a finding of unenforceability to be supported where "the major part of [an] arbitration provision [is] substantively unconscionable" to the extent that severing "the offending provisions would have left almost nothing to the arbitration clause[s]." *Bridge Fund Capital Corp.*, 622 F.3d at 1006.

16

provisions. In short, the unconscionable provisions included in the Arbitration Agreement are simply too numerous and too important to be severed from the whole.").

Given the minimal degree of procedural unconscionability here, plaintiff bears "the burden of making a strong showing of substantive unconscionability." *Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227, 255 (2015); *see also Serafin*, 235 Cal. App. 4th at 181. The two substantively objectionable clauses—the forum selection and choice of law clauses—do not provide a sufficient basis for the court to find the entire arbitration provision unenforceable because both of these clauses are severable given California's "strong legislative and judicial preference [for severing] offending term[s] and enforce[ing] the balance of the agreement." *Dotson*, 181 Cal. App. 4th at 986. Thus, in this case the arbitration provision's forum selection clause and Section 20's choice of law provision will be severed as unconscionable. Because the remainder of the arbitration provision at issue here is not one-sided and does not lack mutuality, the court concludes that the remainder of the arbitration provision of plaintiff's employment agreement is valid and enforceable. *Pinela,* 238 Cal. App. 4th at 255.

**D.    Plaintiff Must Arbitrate his Claims on an Individual Basis**

Finally, Soliant asks this court to compel arbitration on an individual basis because the parties did not agree to arbitrate on a classwide basis. The Supreme Court has held that, "[b]ecause of [] crucial differences between individual and class arbitration, . . . courts may not infer consent to participate in class arbitration absent an affirmative contractual basis for concluding that the party agreed to do so." *Lamps Plus, Inc. v. Varela*, __ U.S. __, __, 139 S. Ct. 1407, 1416 (2019) (internal quotation marks and citation omitted). "Silence is not enough; the FAA requires more." *Id.* (internal quotation marks and citation omitted).

Here, plaintiff does not contend that the parties agreed to arbitrate on a classwide basis, and the court's review of the arbitration provision of the employment agreement indicates that it is silent as to whether plaintiff may do so. Accordingly, pursuant to the decision in *Lamps Plus*, the court concludes that plaintiff must arbitrate his claims on an individual basis under his employment agreement.

/////

**E.      Whether Dismissal of this Action is Appropriate**

Having determined that a valid arbitration agreement exists between the parties and that plaintiff's claims are within the scope of the arbitration provision, "the Court must dismiss the action or compel the action to arbitration and stay the proceedings." *Ortiz v. Hobby Lobby Stores, Inc.*, 52 F. Supp. 3d 1070, 1089 (E.D. Cal. 2014). The court "'has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration.'" *Ortiz*, 52 F. Supp. 3d at 1089 (quoting *Delgadillo v. James McKaone Enters., Inc.,* No. 1:12-cv-1149, 2012 WL 4027019, at *3 (E.D. Cal. Sept. 12, 2012)); *see also Farrow v. Fujitsu America, Inc.,* 37 F. Supp. 3d 1115, 1126 (N.D. Cal. 2014) ("When arbitration is mandatory, courts have discretion to stay the case under 9 U.S.C. § 3 or dismiss the litigation entirely.") Here, the court concludes that dismissal of this action is appropriate because all of plaintiff's claims are subject to the enforceable arbitration provision of his employment agreement.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to compel arbitration on an individual basis (Doc. No. 24) is granted;
2. This action is dismissed; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 29, 2020**                                    _____
                                                                                  UNITED STATES DISTRICT JUDGE