UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CASEMENT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLIANT HEALTH, INC.,<br><br>Defendant. | No. 1:19-cv-01262-DAD-JLT<br><br>ORDER GRANTING JOINT MOTION TO VACATE JUDGMENT, VACATE ORDER COMPELLING ARBITRATION AND DISMISSING CASE, REOPEN CASE, AND REMAND TO STATE COURT<br><br>(Doc. Nos. 37, 38, 46) |

This matter is before the court on the parties' joint motion and stipulation requesting that the judgment entered in this matter on April 29, 2020 be vacated (Doc. No. 38); the order compelling arbitration and dismissing this case be vacated (Doc. No. 37); and the matter be re-opened and then remanded back to state court. (Doc. No. 46.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court took this matter under submission to be decided on the papers, without holding a hearing. (Doc. No. 47.)

## BACKGROUND

Plaintiff James Casement commenced this class action on August 7, 2019 in Kern County Superior Court on behalf of himself and other non-exempt hourly-paid employees in California,

1

alleging defendant Soliant Health, Inc., an employment staffing agency, failed to: (1) provide reporting time pay; (2) pay employees for all hours worked; (3) pay overtime; (4) pay minimum wage; (5) authorize or permit meal breaks; (6) authorize or permit rest breaks; and (7) furnish accurate wage statements. (Doc. Nos. 3 at 2; 3-1 at 4–30.) On September 9, 2019, defendant removed this case to federal court. (Doc. Nos. 1, 2, 3.) On December 10, 2019, plaintiff filed a First Amended Complaint, asserting the same causes of action and as well as adding a claim under California's Private Attorney General Act ("PAGA"), California Labor Code § 2699, *et seq.*, for civil penalties based on the facts and Labor Code violations alleged in the original complaint. (Doc. No. 27 at 15–27.) Also on December 10, 2019, defendant moved to compel arbitration on an individual basis relying on an arbitration provision contained in plaintiff's employment agreement. (Doc. No. 24.) On April 29, 2020, after completing a full round of briefing and holding a hearing on the motion, this court granted defendant's motion to compel arbitration and dismissed the case pursuant to defendant's request while the matter was arbitrated. (Doc. Nos. 24, 28, 20, 32, 37.) Judgment was also inadvertently entered in this matter. (Doc. No. 38.)

On May 26, 2020, plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. No. 41.) In their joint motion now pending before this court, the parties state that while plaintiff's appeal was pending, they participated in mediation on October 14, 2020 and were able to reach a settlement on behalf of plaintiff, the proposed class, and all aggrieved employees. (Doc. Nos. 46 at 5; 46-1 at ¶ 3.) The joint motion further states that in connection with the settlement, the parties stipulated to certify a settlement class including all individuals employed by defendant in California as a non-exempt traveling employee at any time from August 7, 2015 through January 3, 2020. (Doc. Nos. 46 at 5; 46-1 at ¶ 4.) Thereafter, the parties agreed to dismiss the pending appeal, and the Ninth Circuit's order voluntarily dismissing that appeal was entered on January 15, 2021. (Doc. Nos. 45, 46 at 5.)

The parties now wish to seek court approval of their settlement in state court, and in order to do so, they request that this court vacate the April 29, 2020 judgment under Federal Rule of Civil Procedure 60, vacate the April 29, 2020 order compelling arbitration and dismissing this

case, re-open this matter, and they stipulate to and request that this case be remanded back to state court. (Doc. No. 46 at 5–7.)

## DISCUSSION

**A.     Vacating the April 29, 2020 Judgment Entered**

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Here the parties have provided an adequate basis under Federal Rule of Civil Procedure 60(b) to support vacating the judgment entered on April 29, 2020, because it was entered in error and not at the court's direction. (Doc. No. 38.)

**B.     Vacating the Order Compelling Arbitration on an Individual Basis**

The court will adopt the other aspects of the parties' joint motion and stipulation and will vacate the April 29, 2020 order compelling arbitration of plaintiff's individual claims and dismissing this case. (Doc. No. 37.) However, the April 29, 2020 order will also be vacated as to plaintiff's PAGA claim for the additional reason that under California Labor Code § 2698, *et seq.*, PAGA representative actions cannot be waived. *Sakkab v. Luxottica Retail N. Am., Inc.,* 803 F.3d 425, 440 (9th Cir. 2015).

The court takes this opportunity to express its concern with the way arbitration is sometimes used, with this case serving as an example. Plaintiff commenced this action nearly two years ago, and it has already been sent to four separate forums. Now, this case must be returned to the same court in which it originated, otherwise "the [p]arties will be without a forum within which to pursue preliminary and final approval of the stipulated settlement." (Doc. Nos. 46 at 7; 46-1 at ¶ 7.) While the general merits of arbitration agreements can be debated, in light of what has transpired in this case, it is evident that arbitration multiplied the proceedings for no good reason and at the expense of both the parties' and the court's resources. At a minimum, this type of "conduct undermines the public's confidence in getting a fair shake when arbitration is

/////

compelled." *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2018 WL 3549042, at *1 (N.D. Cal. July 24, 2018).

Nonetheless, the court now orders that its April 29, 2020 order (Doc. No. 37) compelling arbitration on an individual basis and dismissing this case is vacated for the reasons explained above and that this case be re-opened.

**C.     Remanding the Action**

Good cause appearing, and pursuant to the parties' stipulation, this case is remanded to the Kern County Superior Court.

## CONCLUSION

For the foregoing reasons:

1. The final judgment entered April 29, 2020 (Doc. No. 38), is vacated;
2. The April 29, 2020 order (Doc. No. 37) compelling arbitration of plaintiff's claims on an individual basis and dismissing this case is vacated;
3. This case is reopened;
4. Pursuant to the parties' stipulation, this re-opened case is remanded to Kern County Superior Court for all further proceedings; and
5. The Clerk of the Court is directed to close this case without entering judgment.

IT IS SO ORDERED.

Dated:   **April 12, 2021**                                 _____
                                                                              UNITED STATES DISTRICT JUDGE